UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge | |
|---|---|---|
| S. Anthony | | |
| Deputy Clerk | Court Reporter / Recorder | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>

**I.
Proceedings**

On July 17, 2014, Steven Brown ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (Docket No. 1.) Plaintiff failed to either pay the full filing fee or file an <u>in forma pauperis</u> application in order to proceed without payment of the full filing fee. Because Plaintiff apparently seeks to proceed <u>in forma pauperis</u> in this action, the Court has screened the Complaint for the purpose of determining whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons set forth below, Plaintiff is ordered to show cause why <u>in forma pauperis</u> status should not be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

## II.
## Discussion

**A.   Summary of Plaintiff's Allegations.**

Plaintiff's Complaint names the Los Angeles County Department of Children and Family Services ("DCFS") as a defendant, and seeks to "enjoin[] defendant's continued illegal removal of Plaintiff's minor children from Plaintiff and Plaintiff's wife . . . by Judge Edelmans[,] Children Court Case Number CK89794."  (Complaint at 2; see id. at 6 (further alleging that "Children's Court has illegally continued to withhold Plaintiff's minor children.")  According to Plaintiff, "without the Court's intervention[,] the constitutional violations taking place at Edelman's Children Court, Case Number CK89794[,] will continue to take place."  (Complaint at 5.)  Plaintiff alleges that

> [t]he most recent hearing was held June 30, 2014 during which [the] . . . Judge instructed [DCFS] to arrange visits to jail for father and for mother the Judge told her six more months the children would be in foster care of mother's aunt, from March 15, 2013, to December 2, 2014.

(Complaint at 2.)   According to Plaintiff, his three sons and daughter were "removed without probable cause [from Plaintiff's residence] during [an] illegal entry, search and seizure by [DCFS] and the Long Beach Police Department, on March 15, 2013[.]"  (Complaint at 2; see id. at 3-4 (stating that "Plaintiff[] did not give police permission to enter [Plaintiff's] residence" and that said entry was "by force").)  Plaintiff states that "[DCFS] entered into Plaintiff's residence with guns drawn ordering Plaintiff to show them the court order modifying protective order issued by Superior Court Judge Taylor."  (Complaint at 3.)  Plaintiff argues that "[t]he police officer computer screen clearly displays all modifications by the court and transmitted by C.L.E.T.S."  (Complaint at 4.)  Plaintiff states: "The police cannot enter one[']s home under direction by DCFS to arrest father on false charges so . . . DCFS[] can take his kids and give them to the maternal grandmother as planned by DCFS workers and police."  (Complaint at 4.)

Plaintiff alleges violations of the Fourth and Fourteenth Amendments.  (Complaint at 3-4, 5.)  Plaintiff seeks "money damages" in the amount of $150,000.00.  (Complaint at 6.)  Plaintiff further requests injunctive relief in the form of a court order directing "the judge at Children's Court to return our children as they were removed from their parents without probable cause, imminent danger, or warrant."  (Complaint at 7.)
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

**B.    Legal Standard.**

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) (citation and internal quotation marks omitted); see also 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss in forma pauperis case at any time it determines the action:  "(i) is frivolous or malicious; [¶] (ii) fails to state a claim on which relief may be granted; [¶] or (iii) seeks monetary relief against a defendant who is immune from such relief."). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).  Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*.") (italics in original). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

**C.  Analysis.**

  **1.  Pursuant To Younger, This Court Should Abstain From Hearing Plaintiff's Claims For Injunctive Relief From Ongoing State Judicial Proceedings.**

Plaintiff requests injunctive relief from state court child custody proceedings in "Children Court Case Number CK89794."  (Complaint at 2; see id. at 5-7.)   It appears from reading Plaintiff's submission that his state judicial proceedings are ongoing.  To the extent Plaintiff's family law case remained pending before the state court when he lodged the instant Complaint for filing in this Court, under Younger v. Harris, 401 U.S. 37 (1971) and its progeny a federal court should abstain from hearing a case that would interfere with ongoing state proceedings.  Id. at 43-55.  Abstention in favor of state judicial proceedings is required if the state proceeding is ongoing, implicates important state interests, and provides the plaintiff an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007). "Family relations are a traditional area of state concern", Moore v. Sims, 442 U.S. 415, 435 (1979); H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000), and "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"  H.C., 203 F.3d at 613 (internal citation omitted).  Moreover, the California courts provide Plaintiff an adequate forum in which to pursue his federal claims.  H.C., 203 F.3d at 613.  Finally, Plaintiff has suggested no basis to apply any exception to Younger abstention.  See Younger, 401 U.S. at 49, 53-54; see also Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975); Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621-622 (9th Cir.), cert. denied, 540 U.S. 1075 (2003).  Under Younger, therefore, Plaintiff's claims seeking injunctive relief from ongoing state court child custody proceedings are subject to dismissal.[1]

---

  [1]  To the extent Plaintiff argues that the state court erred in its rulings and seeks relief from a final judgment of that court on this basis, under the Rooker-Feldman doctrine a district court has no jurisdiction to review a state court's final judgment for errors.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Bell v. City of Boise, 709 F.3d 890, 896-97 (9th Cir. 2013).  To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision.  Bell, 709 F.3d at 897.  A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision."  Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).  If "a federal plaintiff seeks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

**2. Plaintiff's Fourth Amendment Claim Based On The Seizure Of His Minor Children Is Subject To Dismissal For Failure To State A Claim.**

Plaintiff's Fourth Amendment claim based on the seizure of his minor children is barred as a matter of law because a parent cannot sue for an alleged violation of the Fourth Amendment on behalf of his minor children. The Fourth Amendment protects against unreasonable searches and seizures. However,

> [w]hile a person has standing to challenge the seizure of his or her own person, Moreno v. Baca, 400 F.3d 1152, 1166 (9th Cir. 2005), a person does not have standing to vicariously assert the Fourth Amendment rights of another person. Moreland [v. Las Vegas Metro., 159 F.3d [365], 369 [(9th Cir. 1998)].

Osborne v. County of Riverside, 385 F.Supp.2d 1048, 1052-53 (C.D. Cal. 2005).[2] Accordingly, Plaintiff's Fourth Amendment claim of unreasonable seizure of his minor children is subject to dismissal. See, e.g., Leubner v. County of San Joaquin, 2009 WL 1212248, at *2 (E.D. Cal. 2009) (finding plaintiff's Fourth Amendment claim based on allegations that his children were wrongfully removed were barred as a matter of law "because a parent cannot sue for alleged violation of the Fourth Amendment on behalf of his minor children").

/ / /
/ / /
/ / /
/ / /
/ / /

---

to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158. The Rooker-Feldman doctrine applies even when the state court judgment is not made by the highest state court. Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986). It also applies when a plaintiff's challenge to the state court's actions involves federal constitutional issues. Feldman, 460 U.S. at 483-84.

[2] Moreover, Plaintiff, who is proceeding pro se in this matter, cannot appear on behalf of any other person, including his minor children and/or the children's mother. (See, e.g., Complaint at 6); 28 U.S.C. § 1654.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

**3. Plaintiff's Complaint Is Subject To Dismissal For Failure To State A Monell Claim Against DCFS.**

Plaintiff has failed to allege any facts that would support a Monell claim against DCFS. A local governmental entity, such as a municipality or a County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).

Formulaic recitations of alleged government policy, practice or custom that are unsupported by any factual allegations are insufficient to state a Monell claim. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); Dugherty, 654 F.3d at 900 (finding that plaintiff's conclusory allegations "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by Twombly."); Warner v. County of San Diego, 2011 WL 662993, at *3–4 (S.D. Cal. 2011) ("formulaic recitations" of alleged government policy, practice or custom insufficient).

Here, Plaintiff does not state a viable § 1983 claim against DCFS because he fails to allege that he was injured by a local government policy or custom, and he fails to identify specific policies, regulations, officially adopted or promulgated decisions, customs, or practices by which DCFS allegedly inflicted the injuries about which Plaintiff is complaining, and how they led to the constitutional violation(s) at issue. Thus, Plaintiff has failed to state a civil rights claim against DCFS.
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

**4. This Action Is Subject To Dismissal For Failure To Either Pay The Required Filing Fee Or File A Request To Proceed In Forma Pauperis.**

In addition to the aforementioned grounds for dismissal of the Complaint, this action is also subject to dismissal since Plaintiff has neither paid the required filing fee nor submitted a request to proceed in forma pauperis. See Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) ("Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status."); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999) ("Parties filing actions . . . are required to pay a filing fee. An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.") (citations omitted).

**D. Motion For Preliminary Injunction.**

It appears that Plaintiff seeks preliminary injunctive relief in his Complaint. Because Plaintiff's claims are not sufficiently alleged, as discussed above, injunctive relief is unavailable at this point. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

**III.
Conclusion**

Based the foregoing, IT IS ORDERED THAT:

1. Plaintiff is ordered to show cause on or before **August 29, 2014**, why he should not be denied leave to proceed in forma pauperis in this action. If Plaintiff still wishes to pursue this action, he shall have until **August 29, 2014**, to submit the following: (1) a First Amended Complaint, attempting to cure the defects in the Complaint; and (2) a request to proceed in forma pauperis with supporting documentation.

2. The First Amended Complaint must be labeled "First Amended Complaint" and contain the case number assigned to the case, i.e., Case No. CV 14-5560 UA (JEM). The First Amended Complaint shall be complete in itself. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5560-UA (JEM) | Date | July 29, 2014 |
|---|---|---|---|
| Title | Steven Brown v. Department of Children Services | | |

3. The First Amended Complaint must remedy the deficiencies discussed herein. Plaintiff must use and complete the Central District's "Civil Rights Complaint" form for the First Amended Complaint. Plaintiff's First Amended Complaint should also allege the deprivation of constitutionally or federally protected right(s). Plaintiff should avoid conclusory statements and the formulaic recitation of elements of a cause of action. See Twombly, 550 U.S. at 555.

4. Failure to comply with these requirements may result in a recommendation that Plaintiff be denied leave to proceed in forma pauperis based on the defects in Plaintiff's claims identified herein. The failure to properly respond to this OSC may result in a recommendation that Plaintiff be denied leave to proceed in forma pauperis for failure to prosecute and/or failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

5. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and request to proceed in forma pauperis form.

IT IS SO ORDERED.

cc: Parties

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | sa |