O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven Dwayne Brown, | Case No. 14-cv-05560 FMO (JEMx) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO RECUSE JUDGE OLGUIN AND JUDGE DEAN D. PREGERSON** |
| v. | |
| Department of Children Services, et al., | [Dkt. 310] |
| Defendants. | |

Presently before the court is Plaintiff Steven Dwayne Brown ("Plaintiffs")'s Motion to Recuse Judge Olguin. (Dkt. 310.) Plaintiff seeks to recuse Judge Olguin and this court under 28 U.S.C. § 144(a). Having reviewed Plaintiff's submission, the court DENIES the motion and adopts the following order.

Plaintiff asserts that Judge Olguin has "deep seated antagonism" toward Plaintiff, as evidenced by Judge Olguin's "sua sponte" order which denied defendants' motions for summary judgment without prejudice and permitted renewed motions for summary judgment. (Mot. at 2-5 (referencing Dkt. 189, Order Accepting Findings and

Recommendations.) Plaintiff also seeks to disqualify this court based on an alleged "pattern of ruling in favor of Judge Olguin." (Mot. at 6.) "The test for personal bias or prejudice in [28 U.S.C. §] 144 is identical to that in section 455(b)(1) . . . ." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144." *Id.* Under Section 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

*F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This is true because judicial rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . ." *Id.*

Here, Plaintiff has not established that Judge Olguin's impartiality could reasonably be called into question. Judge Olguin's order denying defendants' summary judgment motions without prejudice was within the court's discretion and nothing in

1  that ruling evidences the required degree of favoritism or antagonism for recusal.
2  Plaintiff's disagreement with the order and Plaintiff's speculations that Judge Olguin
3  "despises" Plaintiff are simply insufficient.  (*See* Mot. at 5.)  Similarly, Plaintiff fails to
4  demonstrate that this court's denials of the motions to recuse have been based on
5  extrajudicial sources or predisposition.  Accordingly, Plaintiff's Motion to Recuse Judge
6  Olguin and this court is DENIED.

8  Dated: October 20, 2020

11  _____
12                    DEAN D. PREGERSON
13                 UNITED STATES DISTRICT JUDGE

3